[Cite as *State v. Gifford*, 2021-Ohio-2967.]

`1

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No.  L-20-1152

    Appellee                                     Trial Court No.  CR0202001397

v.

Charles Edward Gifford                           **<u>DECISION AND JUDGMENT</u>**

    Appellant                                    Decided:  August 27, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lara J. Rump, Assistant Prosecuting Attorney, for appellee.

Michael H. Stahl, for appellant.

* * * * *

**OSOWIK, J.**

## I.  Introduction

{¶ 1} Appellant, Charles Gifford, appeals the judgment of the Lucas County Court

of Common Pleas, sentencing him to an indefinite prison term of eight to ten years after

he pled guilty to two counts of robbery. Upon review, we find that the trial court erred in

calculating appellant's maximum prison sentence and the judgment of the trial court is therefore reversed.

## A. Facts and Procedural Background

{¶ 2} On March 4, 2020, appellant was indicted on two counts of aggravated robbery in violation of R.C. 2911.01(A)(1) and (C), felonies of the first degree. These charges stemmed from incidents that occurred on February 12 and 14, 2020, during which appellant entered a carryout and robbed the clerk while armed with a knife. After appellant was deemed competent to stand trial, he appeared before the trial court for arraignment on April 21, 2020, at which time he entered a plea of not guilty to the aforementioned charges. Thereafter, the matter proceeded through discovery and motion practice.

{¶ 3} Following successful plea negotiations, appellant appeared before the trial court for a change of plea hearing on July 28, 2020. Pursuant to an agreement with the state, appellant entered a plea of guilty to two amended charges of robbery in violation of R.C. 2911.02(A)(1) and (B), felonies of the second degree. The trial court conducted a Crim.R. 11 colloquy, accepted appellant's plea, and found him guilty of the amended charges. The matter was then referred to the presentence department for preparation of a presentence investigation report.

{¶ 4} Appellant's sentencing hearing was subsequently held on August 11, 2020. During the hearing, appellant's defense counsel made statements in mitigation and appellant expressed remorse for his actions. For its part, the state recommended

2.

concurrent prison sentences.  Upon considering these statements, the trial court addressed appellant, indicating to him how serious the court viewed his conduct giving rise to the robbery charges, stating:

> Mr. Gifford, on two separate occasions you walked in to a carryout, brandished a knife, and robbed the clerk of the money in the cash register. Twice.  Days apart.  These are very very serious crimes with long lasting psychological impact on the victims.  The underlying facts of these crimes coupled with your history of drug and alcohol abuse and overall instability in the community paint a picture that is hard for this court to ignore.

{¶ 5} The trial court went on to note its consideration of the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12.  Upon such consideration, the trial court ordered appellant to serve an indefinite prison sentence with a stated minimum of four years in prison and a maximum term of six years on each robbery offense, to be served consecutively, "for a total stated maximum prison term of 12 years."  Likewise, in its sentencing entry, the trial court ordered appellant to

> serve a term of 4 years in prison as to count 1 and a term of 4 years in prison as to count 2.  The Defendant's minimum stated prison term as to count 1 is 4 years.  The Defendant's maximum stated prison term as to count 1 is 6 years.  The indefinite portion of the Defendant's prison term is 2 years.  The Defendant's minimum stated prison term as to count 2 is 4

3.

years. The Defendant's maximum stated prison term as to count 2 is 6 years. The indefinite portion of the Defendant's prison term is 2 years. The sentences imposed in count 1 and count 2 are ordered served consecutive one to another.

{¶ 6} Following the trial court's issuance of its sentencing entry, appellant filed a timely notice of appeal.

### B. Assignments of Error

{¶ 7} On appeal, appellant assigns the following errors for our review:

First Assignment of Error: The trial court erred in ordering consecutive sentences.

Second Assignment of Error: Appellant's sentence to an indefinite term under R.C. 2929.144 violates the constitutional doctrine of the separation of powers.

Third Assignment of Error: Appellant's sentence to an indefinite term under R.C. 2929.144 violates his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

### II. Analysis

{¶ 8} In appellant's assignments of error, he argues that the trial court erroneously imposed consecutive sentences and that the indefinite sentencing scheme set forth in R.C. 2929.144 is unconstitutional.

4.

**{¶ 9}** Our review of felony sentences is governed by R.C. 2953.08(G)(2). Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

(b) That the sentence is otherwise contrary to law.

**{¶ 10}** A sentence is not clearly and convincingly contrary to law where the trial court has considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16.

**{¶ 11}** Having examined the record in this case, we sua sponte find that the prison term imposed by the trial court exceeds the statutory range provided under R.C. 2929.14 and 2929.144. R.C. 2929.14 provides, in relevant part:

(A) * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a prison term that shall be one of the following:

5.

* * *

(2)(a) For a felony of the second degree committed on or after the effective date of this amendment, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code * * *.

{¶ 12} The "maximum term" referenced above is set forth in R.C. 2929.144(B), which provides, in relevant part:

(B) The court imposing a prison term on an offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree shall determine the maximum prison term that is part of the sentence in accordance with the following:

* * *

(2) If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that

are to be served consecutively, and *the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.* (Emphasis added.)

{¶ 13} Applying these statutory sections to the case sub judice, we find that the trial court's indefinite sentence of eight to twelve years is contrary to law. We recognize that the trial court's stated minimum prison term of four years for each of the two felonies to which appellant pleaded guilty was within the statutory range set forth in R.C. 2929.14(A)(2)(a). However, the trial court's maximum term of 12 years is inconsistent with the formula set forth in R.C. 2929.144(B)(2).

{¶ 14} Under that section, the trial court, having imposed consecutive sentences for two qualifying felonies, was required to calculate the maximum term by summing the stated minimum terms, which were four years on each offense here. Next, the trial court was required to add to that sum an amount of time equal to half of the longest minimum term for the most serious felony being sentenced. Because the stated minimum term for each offense was the same at four years, this additional time would equate to two years. Therefore, appellant's overall indefinite prison sentence under R.C. 2929.144 should have been eight to ten years, not eight to twelve years. It appears from our examination of the record that the trial court mistakenly applied the two-year sentencing tail to each stated minimum term for each offense rather than adding it to the combined stated minimum. Under R.C. 2929.144(B)(2), this is contrary to law.

7.

**{¶ 15}** In light of our determination that the trial court improperly applied the indefinite sentencing parameters under R.C. 2929.144 and thus imposed a sentence that is contrary to law, the trial court's judgment is reversed, appellant's sentence is vacated, and we remand this matter to the trial court for resentencing consistent with this decision. Having reversed the trial court's judgment on this basis, we do not reach the merits of appellant's assignments of error.

### III.  Conclusion

**{¶ 16}** In light of the foregoing, the judgment of the Lucas County Court of Common Pleas is reversed, and appellant's sentence is hereby vacated.  We remand this matter to the trial court for the purpose of resentencing appellant in a manner consistent with R.C. 2929.144 as stated above.  Costs of this appeal are assessed to the state under App.R. 24.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.       

_____
JUDGE

Gene A. Zmuda, P.J.      

_____
JUDGE

Myron C. Duhart, J.      
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.