[Cite as *State v. Printke*, 2022-Ohio-2981.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-21-1233

　　　Appellee/Cross-appellant             Trial Court No.  CR0202101735

v.

Timothy Printke                                    **DECISION AND JUDGMENT**

　　　Appellant/Cross-appellee             Decided:  August 26, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Brenda J. Majdalani, Assistant Prosecuting Attorney,
for appellee/cross-appellant.

Autumn D. Adams, for appellant/cross-appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant/cross-appellee, Timothy Printke, appeals the

October 27, 2021 judgment of the Lucas County Court of Common Pleas which,

following his guilty pleas to felonious assault and abduction, sentenced him to an

indefinite sentence of seven years to ten years and six months for felonious assault and a 24 month sentence for abduction, the sentences were ordered to be served consecutively.

## I. Background

{¶ 2} In May 2021, appellant was indicted on one count of felonious assault, a second degree felony, and three counts of first-degree felony kidnapping. The charges stemmed from an incident on May 16, 2021, involving appellant's girlfriend and mother of two of his children at their shared residence in Toledo, Lucas County, Ohio.

{¶ 3} Appellant ultimately entered guilty pleas to felonious assault and the amended charge of abduction, a third-degree felony. Following sentencing, appellant commenced this appeal and the state filed a cross-appeal.

## II. Assignments of Error

{¶ 4} Appellant raises the following assignment of error:

The sentencing provisions of Senate Bill 201, otherwise known as the Reagan Tokes Act, are unconstitutional.

{¶ 5} Cross-appellant's assignment of error reads:

The trial court erred in the sentencing entry by failing to properly calculate the total indefinite prison terms for counts 1 and 2.

## III. Discussion

{¶ 6} In his sole assignment of error, appellant challenges the constitutionality of the indefinite sentencing scheme provided by S.B. 201, known as the Reagan Tokes Law

2.

and codified in R.C. 2967.271. Appellant argues that the provisions granting the ODRC (Ohio Department of Rehabilitation and Corrections) the ability to extend his prison sentence beyond the minimum term violates the constitutional protections of separation of powers and due process of law.

{¶ 7} This court has recently addressed the constitutionality of the Reagan Tokes Law. *State v. Stenson*, 2022-Ohio-2072, 190 N.E.3d 1240 (6th Dist.). In *Stenson*, rejecting the argument that the ODRC's ability to rebut the presumptive minimum sentence violates the separation of powers doctrine, we found that like the discretionary system of parole and postrelease control controlled by the parole board and found constitutional, the ODRC has the ability to extend the minimum sentence of a defendant up to but not exceeding the maximum sentence that was imposed by the court. *Id.* at ¶ 20. *See also State v. Gifford*, 6th Dist. Lucas No. L-21-1201, 2022-Ohio-1620, ¶ 36. Next, we agreed that due process rights are implicated by the liberty interest created by the presumption that the offender serve the stated minimum prison term. *Stenson* at ¶ 25. However, we concluded that R.C. 2967.271 does not, on its face, violate the constitutional right to due process because even though the specific procedures for the applicable "hearing" are not set forth in the law itself, the law may ultimately be applied in a manner that is not unconstitutional. *Id.* at ¶ 33. *See State v. Eaton*, 6th Dist. Lucas No. L-21-1121, 2022-Ohio-2432, ¶ 145-171 (Mayle, J., concurring).

3.

**{¶ 8}** Accordingly, for the reasons set forth in *Gifford* and *Stenson,* appellant's assignment of error is not well-taken.

**{¶ 9}** Finding that the felony sentencing structure to be employed by a trial court is not unconstitutional on its face, we turn to the state's cross-appeal and its assignment of error contending that the court erred in sentencing appellant by failing to properly calculate his indefinite prison term.

**{¶ 10}** Reviewing the imposition of a felony sentence, we use the standard set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16. R.C. 2953.08(G)(2) allows us to "increase, reduce, or otherwise modify a sentence," or "vacate the sentence and remand the matter to the sentencing court for resentencing" if we clearly and convincingly find either "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or "(b) That the sentence is otherwise contrary to law."

**{¶ 11}** In sentencing a defendant to a consecutive sentence for multiple crimes where at least one is subject to an indefinite sentence, a court is required to add all of the indefinite and definite terms that are to be served consecutively and then add half of the "longest minimum term or definite term for the most serious felony being sentenced" to

4.

arrive at the maximum term.  R.C. 2929.144(B)(2).  *See State v. Gifford*, 6th Dist. Lucas No. L-20-1152, 2021-Ohio-2967.

{¶ 12} In the present case and relevant to the state's assignment of error, at the October 12, 2021 sentencing hearing, the court sentenced appellant as follows:

> [I]t is hereby ordered that the defendant serve a term of 7 years as to Count 1 of the indictment and 24 months as to Count 2 of the indictment. These sentences are ordered to be served consecutively to one another for a total minimum stated prison term of 9 years.  * * *.

> Mr. Printke, the felonious assault is an indefinite sentence, so your minimum stated sentence on that count is 7 years, and your maximum stated sentence on the felonious assault is 10-and-a-half years.

{¶ 13} The October 27, 2021 judgment entry sentenced appellant as follows:

> It is ORDERED that defendant serve a term of 7 years in prison as to count 1 and a term of 24 months in prison as to count 2.  The Defendant's minimum stated prison term as to count 1 is 7 years.  The Defendant's maximum state[d] prison term as to count 1 is 10 years and 6 months.  The indefinite portion of the Defendant's prison term is 3 years and 6 months.

{¶ 14} The court then ordered that the terms be served consecutively for a total prison term of nine years.

**{¶ 15}** The state contends that the above demonstrated the court's failure to properly calculate the minimum and maximum terms and failed to state the total maximum and minimum terms. We agree.

**{¶ 16}** As set forth above, the minimum consecutive term is equal to the minimum indefinite term and the definite term. The maximum term is the minimum indefinite sentence and the definite term, plus 50 per cent of the longest minimum or definite term for the most serious felony. Accordingly, because the court failed to properly calculate and set forth the maximum and minimum terms when sentencing appellant, we find that the sentence is contrary to law. The state's assignment of error is well-taken.

## IV. Conclusion

**{¶ 17}** On consideration whereof, we reverse the October 27, 2021 judgment of the Lucas County Court of Common Pleas and vacate appellant's sentence. The matter is remanded for resentencing in accordance with R.C. 2929.144. Pursuant to App.R. 24, appellant/cross-appellee is ordered to pay the costs of this appeal.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

6.

State of Ohio
v. Timothy Printke
L-21-1233

Mark L. Pietrykowski, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

Gene A. Zmuda, J.
CONCURS AND WRITES
SEPARATELY.

_____
JUDGE

**ZMUDA, J.**

{¶ 18} I agree with the majority's disposition of appellant's sole assignment of error and the state's sole assignment of error on cross-appeal. I write separately, because I find that the Reagan Tokes Law does not facially violate a defendant's constitutional right to due process, and thus appellant's first assignment of error is not well-taken, based upon the reasoning I articulated in this court's lead opinion in *State v. Eaton*, 6th Dist. Lucas No. L-21-1121, 2022-Ohio-2432. I emphasize, as I did in *Eaton*, my conclusion

7.

that the Reagan Tokes Law creates a liberty interest akin to probation release, not

revocation (as found by this court in *Stenson*).  With this point of emphasis in mind, I

concur.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.